

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 28, 2021

Jason G. Benzaken
Benzaken and Wood, LLP
1342 Belmont Street, Suite 102
Brockton, MA 02301

    Re:    <u>United States v. Kareem Chaplin</u>
             Criminal No. 1:20-cr-10136-DJC

Dear Mr. Benzaken:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Kareem Chaplin ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

      At the earliest practicable date, Defendant will plead guilty to so much of Count One of the Indictment as charges conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Defendant admits that he committed the crime specified in this count and is in fact guilty of it.

    2.    <u>Penalties</u>

      Defendant faces the following mandatory minimum and maximum penalties for Count One: incarceration for up to 20 years; supervised release for at least three years up to life; a maximum fine of $1,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 21:

    a) Defendant's base offense level is 22, because Defendant is responsible for between 400 and 500 grams of cocaine (USSG § 2D1.1(c)(9));

    b) Defendant's offense level is increased by 2, because Defendant possessed a firearm in connection with the offense (USSG § 2D1.1(b)(1)); and

    c) Defendant's offense level is decreased by three, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant also agrees that he will not seek any mitigations or reductions based on role at sentencing.

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The parties agree to recommend the following sentence to the Court:

    a) incarceration within the Guidelines sentencing range as calculated by the parties;

    b) no fine;

      c) 36 months of supervised release;

      d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

      e) forfeiture as set forth in Paragraph 6.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

      a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

      b) He will not challenge his <u>sentence</u>, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may

3

include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

   a. a Smith & Wesson, .40 caliber pistol, model SW40VE, bearing serial number FXH7412, seized on or about February 28, 2020;

   b. a Smith & Wesson, .38 caliber revolver, Model 60, bearing serial number R109724, seized on or about February 28, 2020;

   c. a Taurus, .45/410g revolver, model "Judge," bearing serial number GZ877312, seized on or about February 28, 2020;

   d. a SigSauer, .40 caliber pistol, model P229, bearing serial number AK15302, seized on or about February 28, 2020;

   e. an H&R .22 Long Rifle revolver, model Sportsman Double Action, bearing serial number 63539, seized on or about February 28, 2020;

   f. a Glock, .40 caliber pistol, model 23, bearing serial number TCW487, seized on or about February 28, 2020;

   g. three (3) Colt .45 caliber rounds of ammunition, seized on or about February 28, 2020;

   h. two (2) .410 caliber rounds of ammunition, seized on or about February 28, 2020;

   i. fifteen (15) .357 caliber rounds of ammunition, seized on or about February 28, 2020;

   j. thirty-two (32) .40 caliber rounds of ammunition, seized on or about February 28, 2020;

   k. twenty-four (24) .38 caliber rounds of ammunition, seized on or about February 28, 2020;

   l. eighteen (18) 9mm caliber rounds of ammunition, seized on or about February 28, 2020;

   m. thirty-eight (38) .32 caliber rounds of ammunition, seized on or about February 28, 2020;

    n. one (1) 7.65 caliber round of ammunition, seized on or about February 28, 2020;

    o. sixteen (16) .25 caliber rounds of ammunition, seized on or about February 28, 2020;

    p. fifty-two (52) .22 caliber rounds of ammunition, seized on or about February 28, 2020;

    q. forty-two (42) 12-gauge shotgun shells, seized on or about February 28, 2020;

    r. twenty (20) rounds of American Eagle .38 caliber ammunition, seized on or about February 28, 2020;

    s. thirty-nine (39) rounds of Remington .40 caliber ammunition, seized on or about February 28, 2020;

    t. one hundred (100) rounds of Remington 9mm ammunition, seized on or about February 28, 2020; and

    u. fifty (50) rounds of Remington .40 caliber ammunition, seized on or about February 28, 2020.

    Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense; or they were used to facilitate Defendant's offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

    Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

    If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or

has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. **Modifications to Plea Agreement**

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kaitlin R. O'Donnell.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
GLENN A. MACKINLAY
Chief, Organized Crime and Gang Unit

_____
TIMOTHY E. MORAN
KAITLIN R. O'DONNELL
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case. I understand the crime to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for that offense, and the Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Plea Agreement is in my best interest.

_____
KAREEM CHAPLIN
Defendant

Date: 2/26/21

I certify that Kareem Chaplin has read this Agreement and that we have discussed what it means. I believe Kareem Chaplin understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
JASON BENZAKEN
Attorney for Defendant

Date: 2/26/21

8